**EXHIBIT "1"**

 CT Corporation

**Service of Process Transmittal**
01/21/2022
CT Log Number 540918412

**TO:**   Bethany Spain
Signet Jewelers Limited
375 GHENT RD
FAIRLAWN, OH 44333-4601

**RE:**   **Process Served in California**

**FOR:**   Zale Delaware, Inc.  (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SILVIA ALFARO, an individual and on behalf of all others similarly situated // To: Zale Delaware, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 30202101237686CU0ECXC |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/21/2022 at 01:46 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Jessica Glasper  jessica.glasper@signetjewelers.com |
| | Email Notification,  Bethany Spain  bethany.spain@signetjewelers.com |
| | Email Notification,  Victoria Ortega  victoria.ortega-1@signetjewelers.com |
| | Email Notification,  Amanda Vance  amanda.vance@signetjewelers.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process Transmittal**
01/21/2022
CT Log Number 540918412

**TO:**     Bethany Spain
            Signet Jewelers Limited
            375 GHENT RD
            FAIRLAWN, OH 44333-4601

**RE:**     **Process Served in California**

**FOR:**    Zale Delaware, Inc.  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**               Fri, Jan 21, 2022

**Server Name:**        Victor Mendez

| Entity Served | ZALE DELAWARE, INC. |
|---|---|
| Case Number | 30202101237686CUOECXC |
| Jurisdiction | CA |



Electronically Filed by Superior Court of California, County of Orange, 12/21/2021 04:24:27 PM.
30-2021-01237686-CU-OE-CXC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td></td><td><em>FOR COURT USE ONLY<br/>(SOLO PARA USO DE LA CORTE)</em></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANTER BY PIERCING PAGODA, an Ohio corporation; PIERCING PAGODA, an Ohio corporation; ZALE
DELAWARE, INC., a Delaware corporation; AMANDA HORN, an individual; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SILVIA ALFARO, an individual and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br/>*(El nombre y dirección de la corte es):* Superior Court of California<br/>County of Orange -- Civil Complex Center<br/>751 W. Santa Ana Blvd, Santa Ana, California 92701 | CASE NUMBER: *(Número del Caso):*<br/><br/>30-2021-01237686-CU-OE-CXC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* Judge Randall J. Sherman

Bibiyan Law Group, P.C., David D. Bibiyan, 8484 Wilshire Blvd, Suite 500, Beverly Hills, California, 90211, 310-438-5555

| DATE:<br/>*(Fecha)* 12/21/2021 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br/>*(Secretario)* | *(signature)* | Deputy<br/>*(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)* Georgina Ramirez

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ZALE DELAWARE INC, A DELAWARE CORPORATION

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

SUMMONS

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Case 8:22-cv-00266-CJC-ADS   Document 1-1   Filed 02/18/22   Page 6 of 30   Page ID #:24
Electronically Filed by Superior Court of California, County of Orange, 12/21/2021 04:24:27 PM.
30-2021-01237686-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (Cal. Bar No. 297296)
*jeff@tomorrowlaw.com*
Diego Aviles (Cal. Bar No. 315533)
*diego@tomorrowlaw.com*
Sara Ehsani-Nia (Cal. Bar No. 326501)
*sara@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Telephone: (310) 438-5555
Facsimile: (310) 300-1705

Attorneys for Plaintiff, SILVIA ALFARO and
on behalf of herself and all others similarly situated

Assigned for all Purposes

Judge Randall J. Sherman

CX-105

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ORANGE

SILVIA ALFARO, an individual and on behalf of all others similarly situated,

Plaintiff,

v.

BANTER BY PIERCING PAGODA, an Ohio corporation; PIERCING PAGODA, an Ohio corporation; ZALE DELAWARE, INC., a Delaware corporation; AMANDA HORN, an individual; and DOES 1 through 100, inclusive,

Defendants.

CASE NO.: 30-2021-01237686-CU-OE-CXC

**CLASS ACTION COMPLAINT FOR:**

1. FAILURE TO PAY OVERTIME WAGES;

2. FAILURE TO PAY MINIMUM WAGES;

3. FAILURE TO PROVIDE MEAL PERIODS;

4. FAILURE TO PROVIDE REST PERIODS;

5. WAITING TIME PENALTIES;

6. WAGE STATEMENT VIOLATIONS;

7. FAILURE TO TIMELY PAY WAGES;

8. FAILURE TO INDEMNIFY;

9. VIOLATION OF LABOR CODE § 227.3

10. UNFAIR COMPETITION.

**DEMAND FOR JURY TRIAL**

[Amount in Controversy Exceeds $25,000.00]

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
(310) 438-5555

CLASS ACTION COMPLAINT

1    COMES NOW plaintiff SILVIA ALFARO ("Plaintiff"), on behalf of Plaintiff and all others

2    similarly situated, and alleges as follows:

3                              **GENERAL ALLEGATIONS**

4                                 **INTRODUCTION**

5    1.        This is a Class Action, pursuant to Code of Civil Procedure section 382, against

6    BANTER BY PIERCING PAGODA, and any of its respective subsidiaries or affiliated companies

7    within the State of California ("BANTER"), PIERCING PAGODA, and any of its respective

8    subsidiaries or affiliated companies within the State of California ("PAGODA"), ZALE

9    DELAWARE, INC., and any of its respective subsidiaries or affiliated companies within the State

10   of California ("ZALES"), AMANDA HORN ("HORN" and, collectively with BANTER,

11   PAGODA, ZALES, and DOES 1 through 100, as further defined below, "Defendants") on behalf

12   of Plaintiff and all other current and former non-exempt California employees employed by or

13   formerly employed by Defendants ("Class Members").

14                                    **PARTIES**

15   **A.    Plaintiff**

16   2.        Plaintiff SILVIA ALFARO is a resident of the State of California.  At all relevant

17   times herein, Plaintiff is informed and believes, and based thereon allege that Defendants employed

18   Plaintiff SILVIA ALFARO as a non-exempt employee, with duties that included, but were not

19   limited to, customer service, payroll, training, and managing the storefront.  Plaintiff is informed

20   and believes, and based thereon allege that Plaintiff SILVIA ALFARO worked for Defendants from

21   approximately November of 2018 through approximately August of 2021.

22   **B.    Defendants**

23   3.        Plaintiff is informed and believes and based thereon allege that defendant BANTER

24   is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of

25   the laws of the State of Ohio and doing business in the County of Orange, State of California.

26   4.        Plaintiff is informed and believes and based thereon allege that defendant PAGODA

27   is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of

28   the laws of the State of Ohio and doing business in the County of Orange, State of California.

1       5.       Plaintiff is informed and believes and based thereon allege that defendant ZALES is,

2   and at all times relevant hereto was, a corporation organized and existing under and by virtue of the

3   laws of the State of Delaware and doing business in the County of Orange, State of California.

4       6.       Plaintiff is informed and believes and based thereon alleges that defendant HORN

5   is, and at all times relevant hereto was, an individual residing in California, as well as Regional

6   Manager for BANTER, PAGODA, ZALES, and DOES 1 through 100, as further defined below.

7       7.       The true names and capacities, whether individual, corporate, associate, or otherwise,

8   of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff,

9   who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.

10  Plaintiff is informed and believes and based thereon alleges that each of the defendants designated

11  herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.

12  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of

13  the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is

14  informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent

15  to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or

16  policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the

17  other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall

18  include BANTER, PAGODA, ZALES, and any of their parent, subsidiary, or affiliated companies

19  within the State of California, HORN, as well as DOES 1 through 100 identified herein.

20  **JOINT LIABILITY ALLEGATIONS**

21      8.       Plaintiff is informed and believes and based thereon alleges that all the times

22  mentioned herein, each of the Defendants was the agent, principal, employee, employer,

23  representative, joint venture or co-conspirator of each of the other defendants, either actually or

24  ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,

25  employment, joint venture, and conspiracy.

26      9.       All of the acts and conduct described herein of each and every corporate defendant

27  was duly authorized, ordered, and directed by the respective and collective defendant corporate

28  employers, and the officers and management-level employees of said corporate employers.  In

1 addition thereto, said corporate employers participated in the aforementioned acts and conduct of

2 their said employees, agents, and representatives, and each of them; and upon completion of the

3 aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant

4 corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded,

5 acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the

6 aforementioned corporate employees, agents and representatives.

7      10.      Plaintiff is informed and believes, and based thereon allege, that there exists such a

8 unity of interest and ownership between Defendants, and each of them, that their individuality and

9 separateness have ceased to exist.

10      11.      Plaintiff is informed and believes, and based thereon allege that despite the formation

11 of the purported corporate existence of BANTER, PAGODA, ZALES, and DOES 1 through 50,

12 inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with HORN

13 and DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to,

14 the following reasons:

15      A.      The Alter Ego Defendants are completely dominated and controlled by the Individual

16           Defendants who personally committed the wrongful and illegal acts and violated the

17           laws as set forth in this Complaint, and who has hidden and currently hide behind the

18           Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some

19           other wrongful or inequitable purpose;

20      B.      The Individual Defendants derive actual and significant monetary benefits by and

21           through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego

22           Defendants as the funding source for the Individual Defendants' own personal

23           expenditures;

24      C.      Plaintiff is informed and believes and thereon alleges that the Individual Defendants

25           and the Alter Ego Defendants, while really one and the same, were segregated to

26           appear as though separate and distinct for purposes of perpetrating a fraud,

27           circumventing a statute, or accomplishing some other wrongful or inequitable

28           purpose;

D.   Plaintiff is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion.  The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs.  The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

E.   The recognition of the separate existence of the Individual Defendants and the Alter Ego Defendants would promote injustice insofar that it would permit defendants to insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor Code, and other statutory violations.  The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

F.   Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded;

12.   As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

## JURISDICTION

13.   Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

14.   Venue is proper in Orange County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Orange County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff, or some of them, and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff, or some of them, and Defendants was actually performed; and the county in

1  which Defendants, or some of them, reside.  Moreover, the unlawful acts alleged herein have a direct

2  effect on Plaintiff and Class Members in Orange County, and because Defendants employ numerous

3  Class Members in Orange County.

4  **FACTUAL BACKGROUND**

5  15.      For at least four (4) years prior to the filing of this action and continuing to the

6  present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or

7  some of them, in violation of California state wage and hour laws as a result of, without limitation,

8  Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and

9  seven consecutive work days in a work week without being properly compensated for hours worked

10  in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours

11  worked on the seventh consecutive work day in a work week by, among other things, failing to

12  accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the

13  detriment of Plaintiff and Class Members.

14  16.      For at least four (4) years prior to the filing of this Action and continuing to the

15  present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members,

16  or some of them, in violation of California state wage and hour laws as a result of, among other

17  things, at times, failing to accurately track and/or pay for all hours actually worked at their regular

18  rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

19  17.      For at least four (4) years prior to the filing of this Action and continuing to the

20  present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them,

21  full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than

22  five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on

23  which they worked in excess of ten (10) hours in a work day, and failing to provide compensation

24  for such unprovided meal periods as required by California wage and hour laws.

25  18.      For at least four (4) years prior to the filing of this action and continuing to the

26  present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or

27  some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major

28  / / /

1   fraction thereof and failed to provide compensation for such unprovided rest periods as required by

2   California wage and hour laws.

3       19.      For at least three (3) years prior to the filing of this action and continuing to the

4   present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the

5   full amount of their wages owed to them upon termination and/or resignation as required by Labor

6   Code sections 201 and 202, including for, without limitation, failing to pay overtime wages,

7   minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

8       20.      For at least one (1) year prior to the filing of this Action and continuing to the present,

9   Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with

10   itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages

11   earned; all applicable hourly rates in effect during the pay period and the corresponding number of

12   hours worked at each hourly rate; the name and address of the legal entity that is the employer; and

13   other such information as required by Labor Code section 226, subdivision (a). As a result thereof,

14   Defendants have further failed to furnish employees with an accurate calculation of gross and gross

15   wages earned, as well as gross and net wages paid.

16       21.      For at least one (1) year prior to the filing of this action and continuing to the present,

17   Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full

18   amount of their wages for labor performed in a timely fashion as required under Labor Code section

19   204.

20       22.      For at least three (3) years prior to the filing of this action and continuing to the

21   present, Defendants have, at times, failed to indemnify Class Members, or some of them, for the

22   costs incurred in using cellular phones for work-related purposes and purchasing tools necessary to

23   perform work duties.

24       23.      For at least four (4) years prior to the filing of this action and continuing to the

25   present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated

26   employees or former employees within the State of California with compensation at their final rate

27   of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

28   / / /

24.    Plaintiff, on their own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 227.3, 510, 512, 1194, 1194.2, 1197, 2802, 2810.3, *et al.*, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failure to indemnify work-related expenses, failure to pay interest on deposits made, failing to pay vested vacation time at the proper rate of pay, other such provisions of California law, and reasonable attorneys' fees and costs.

25.    Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

## CLASS ACTION ALLEGATIONS

26.    Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

27.    Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

28.    This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

/ / /

/ / /

### A. Numerosity

29.     The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

30.     Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

### B. Commonality

31.     There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

A.    Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B.    Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C.    Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.    Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.    Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.    Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G.    Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

/ / /

9

H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.   Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

K.   Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

L.   Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time.

M.   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

N.   Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

O.   Are Class Members entitled to costs and attorneys' fees?

P.   Are Class Members entitled to interest?

**C.   Typicality**

32.   The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.   Adequacy of Representation**

33.   Plaintiff will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

/ / /

**E.    Superiority of Class Action**

34.        A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

35.        Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

36.        Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

37.        At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

38.        At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

39.        At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

/ / /

40.     Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

41.     Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

42.     As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

43.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

44.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

45.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

46.     For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

47.　　　As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

48.　　　Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods – Against All Defendants)

49.　　　Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

50.　　　At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

51.　　　Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

52.　　　Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

53.　　　For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the

/ / /

1  Class Member's regular rate of compensation on the occasions that Class Members were not
2  provided compliant meal periods.

3       54.     By their failure to provide Plaintiff and Class Members compliant meal periods as
4  contemplated by Labor Code section 512, among other California authorities, and failing, at times,
5  to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully
6  violated the provisions of Labor Code section 512 and applicable Wage Orders.

7       55.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
8  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay
9  owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

10       56.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid
11  additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus
12  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,
13  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

14  **FOURTH CAUSE OF ACTION**

15  **(Failure to Provide Rest Periods – Against All Defendants)**

16       57.     Plaintiff realleges and incorporates by reference all of the allegations contained in
17  the preceding paragraphs as though fully set forth hereat.

18       58.     At all relevant times, Plaintiff and Class Members were employees or former
19  employees of Defendants covered by applicable Wage Orders.

20       59.     California law and applicable Wage Orders require that employers "authorize and
21  permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour
22  work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-
23  half (3 ½ ) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who
24  work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes
25  of paid rest period, and employees who work shifts of more than ten (10) hours must be provided
26  thirty (30) minutes of paid rest period.

27       60.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee
28  with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

1  Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's
2  regular rate of compensation for each work day that the rest period is not provided.

3      61.      For four (4) years prior to the filing of the Complaint in this Action through the
4  present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete,
5  timely 30-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction
6  thereof.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class
7  Member's regular rate of compensation on the occasions that Class Members were not authorized
8  or permitted to take compliant rest periods.

9      62.      By their failure, at times, to authorize and permit Plaintiff and Class Members to take
10  rest periods contemplated by California law, and one (1) additional hour of pay at the employee's
11  regular rate of compensation for such unprovided rest periods, as alleged above, Defendants
12  willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

13      63.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
14  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay
15  owed for rest periods that they were not authorized or permitted to take.

16      64.      Plaintiff and Class Members are entitled to recover the full amount of their unpaid
17  additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus
18  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,
19  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

20                              **FIFTH CAUSE OF ACTION**
21      **(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

22      65.      Plaintiff realleges and incorporates by reference all of the allegations contained in
23  the preceding paragraphs as though fully set forth hereat.

24      66.      At all relevant times, Plaintiff and Class Members were employees or former
25  employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable
26  Wage Orders.

27      67.      Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were
28  entitled upon termination to timely payment of all wages earned and unpaid prior to termination.

1  Discharged Class Members were entitled to payment of all wages earned and unpaid prior to

2  discharge immediately upon termination.  Class Members who resigned were entitled to payment

3  of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation

4  or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and

5  unpaid at the time of resignation.

6      68.      Plaintiff is informed and believes, and based thereon alleges, that in the three (3)

7  years before the filing of the Complaint in this Action through the present, Defendants, due to the

8  failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class

9  Members all wages earned prior to resignation or termination in accordance with Labor Code

10  sections 201 or 202.

11      69.      Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and

12  Class Members all wages earned prior to termination or resignation in accordance with Labor Code

13  sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff

14  and Class Members at the time of termination in accordance with Labor Code sections 201 and 202,

15  but intentionally adopted policies or practices incompatible with the requirements of Labor Code

16  sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination

17  or resignation.

18      70.      Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to

19  waiting time penalties from the date their earned and unpaid wages were due, upon termination or

20  resignation, until paid, up to a maximum of thirty (30) days.

21      71.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

22  suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned

23  prior to termination or resignation.

24      72.      Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections

25  1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

26  waiting time penalties, interest, and their costs of suit, as well.

27  / / /

28  / / /

## SIXTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements – Against All Defendants)

73.      Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

74.      At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

75.      Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things.

76.      Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things.

77.      Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

78.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense

17

1 in attempting to reconstruct time and pay records; and led to submission of inaccurate information
2 about wages and amounts deducted from wages to state and federal governmental agencies, among
3 other things.

4       79.        Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members
5 are entitled to recover $50 for the initial pay period during the period in which violation of Labor
6 Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent
7 pay period, not to exceed an aggregate $4,000.00 per employee.

8       80.        Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil
9 Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to
10 recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable
11 attorneys' fees, and costs of suit.

12 **SEVENTH CAUSE OF ACTION**

13 **(Failure to Timely Pay Wages During Employment – Against All Defendants)**

14       81.        Plaintiff reallege each and every allegation set forth in the preceding paragraphs and
15 incorporate each by reference as though fully set forth hereat.

16       82.        At all relevant times, Plaintiff and Class Members were employees or former
17 employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

18       83.        Labor Code section 204 provides that "[l]abor performed between the 1st and 15th
19 days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month
20 during which the labor was performed, and labor performed between the 16th and the last day,
21 inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following
22 month."

23       84.        Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely
24 independent and apart from, any other penalty provided in this article, every person who fails to pay
25 the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and
26 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars
27 ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful
28 / / /

18
CLASS ACTION COMPLAINT

1 | or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25

2 | percent of the amount unlawfully withheld."

3 | 85.      Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year

4 | before the filing of the Complaint in this Action through the present, Defendants employed policies

5 | and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with

6 | Labor Code section 204.

7 | 86.      Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to

8 | recover penalties for Defendants' violations of Labor Code section 204, in the amount of one

9 | hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200)

10 | for each subsequent violation in connection with each payment that was made in violation of Labor

11 | Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

12 | 87.      Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and

13 | 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties,

14 | interest, and their costs of suit, as well.

15 | **EIGHTH CAUSE OF ACTION**

16 | **(Violation of Labor Code § 2802 – Against All Defendants)**

17 | 88.      Plaintiff reallege and incorporate by reference all of the allegations contained in the

18 | preceding paragraphs as though fully set forth hereat.

19 | 89.      At all relevant times, Plaintiff and Class Members were employees or former

20 | employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

21 | 90.      Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify

22 | his or her employee for all necessary expenditures or losses incurred by the employee in direct

23 | consequence of the discharge of his or her duties . . ."

24 | 91.      For three (3) years prior to the filing of the Complaint in this Action through the

25 | present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times,

26 | necessary expenditures or losses in direct consequence of the discharge of their duties or at the

27 | obedience to the directions of Defendants that included, without limitation: using cellular phones

28 | for work-related purposes and purchasing tools necessary to perform work duties.

1      92.      During that time period, Plaintiff is informed and believes, and based thereon allege

2 that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff sand

3 Class Members for those losses and/or expenditures.

4      93.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

5 suffered damages in an amount subject to proof, to the extent they were not reimbursed for the

6 herein-described losses and/or expenditures.

7      94.      Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and

8 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

9 reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and

10 costs of suit.

11                           **NINTH CAUSE OF ACTION**

12                 **(Violation of Labor Code § 227.3 – Against All Defendants**

13      95.      Plaintiff re-alleges and incorporates by reference all of the allegations contained in

14 the preceding paragraphs of this Complaint as though fully set forth hereon.

15      96.      According to Labor Code section 227.3, whenever a contract of employment or

16 employer policy provides for paid vacations, and an employee is terminated without having taken

17 off her vested vacation time, all vested vacation shall be paid to her as wages at her final rate in

18 accordance with such contract of employment or employer policy respecting eligibility or time

19 served.

20      97.      Plaintiff is informed and believes, and based thereon alleges that, at all times relevant

21 hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and

22 that Plaintiff's employment contract with Defendants included paid vacations.

23      98.      For at least four (4) years prior to the filing of this action and continuing to the

24 present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated

25 employees or former employees within the State of California with compensation at their final rate

26 of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

27      99.      As a proximate result of Defendants' failure to pay vested vacation at the final rate

28 of Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor

1 | Code section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at
2 | their final rate of pay, as set out in Defendants' policy or the contract of employment between
3 | Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

4 |     100.      As a further proximate result of Defendants' above-described acts and/or omissions,
5 | Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and
6 | prejudgment interest.

7 | **TENTH CAUSE OF ACTION**

8 | **(Unfair Competition – Against All Defendants)**

9 |     101.      Plaintiff realleges and incorporates by reference all of the allegations contained in
10 | the preceding paragraphs as though fully set forth hereat.

11 |     102.      Plaintiff is informed and believes, and based thereon alleges that the unlawful
12 | conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business
13 | and Professions Code section 17200. Due to their unlawful business practices in violation of the
14 | Labor Code, Defendants have gained a competitive advantage over other comparable companies
15 | doing business in the State of California that comply with their obligations to compensate employees
16 | in accordance with the Labor Code.

17 |     103.      As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class
18 | Members have suffered injury in fact and lost money or property.

19 |     104.      Pursuant to Business and Professions Code section 17203, Plaintiff and Class
20 | Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor
21 | Code and requiring the establishment of appropriate and effective means to prevent further
22 | violations, as well as restitution of all wages and other monies owed to them under the Labor Code,
23 | including interest thereon, in which they had a property interest and which Defendants nevertheless
24 | failed to pay them and instead withheld and retained for themselves. Restitution of the money owed
25 | to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched
26 | by their failure to comply with the Labor Code.

27 |     105.      Plaintiff and Class Members are entitled to costs of suit under Code of Civil
28 | Procedure section 1032 and interest under Civil Code section 3287.

21
CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2     106.        Plaintiff demands a trial by jury on all causes of action contained herein.

3

## PRAYER

4     WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment

5     against Defendants as follows:

6        A.     An order certifying this case as a Class Action;

7        B.     An Order appointing Plaintiff as Class representative and appointing Plaintiff's

8               counsel as class counsel;

9        C.     Damages for all wages earned and owed, including minimum. overtime wages and

10              unpaid wages for vested vacation time, under Labor Code sections 510, 1194, 1197

11              and 1199 and 227.3;

12       D.     Liquidated damages pursuant to Labor Code section 1194.2;

13       E.     Damages for unpaid premium wages from missed meal and rest periods under,

14              among other Labor Code sections, 512 and 226.7;

15       F.     Penalties for inaccurate wage statements under Labor Code section 226,

16              subdivision (e);

17       G.     Waiting time penalties under Labor Code section 203;

18       H.     Penalties to timely pay wages under Labor Code section 210;

19       I.     Damages under Labor Code section 2802;

20       J.     Preliminary and permanent injunctions prohibiting Defendants from further

21              violating the California Labor Code and requiring the establishment of appropriate

22              and effective means to prevent future violations;

23       K.     Restitution of wages and benefits due which were acquired by means of any unfair

24              business practice, according to proof;

25       L.     Prejudgment and post-judgment interest at the maximum rate allowed by law;

26       M.     For attorneys' fees in prosecuting this action;

27   ///

28   ///

CLASS ACTION COMPLAINT

1   N.      For costs of suit incurred herein; and

2   O.      For such other and further relief as the Court deems just and proper.

3   Dated: December 21, 2021                    BIBIYAN LAW GROUP, P.C.

4

5                                               BY: _____

6                                                    JEFFREY D. KLEIN
                                                     DAVID D. BIBIYAN
7                                               Attorneys for Plaintiff SILVIA ALFARO on behalf of
                                                herself and all others similarly situated
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically Filed by Superior Court of California, County of Orange, 12/21/2021 04:24:27 PM.
30-2021-01237686-CU-OE-CXC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk. CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>BIBIYAN LAW GROUP, P.C. David D. Bibiyan (Cal. Bar No. 287811)<br>8484 Wilshire Blvd , Suite 500, Beverly Hills, California 90211<br><br>TELEPHONE NO.: 310-438-5555     FAX NO. (Optional): 310-300-1705<br>E-MAIL ADDRESS: david@tomorrowlaw.com<br>ATTORNEY FOR (Name): Plaintiff: SILVIA ALFARO | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: X X X X X X X X X X X X X X X X<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana, 92701       751 W. SANTA ANA BLVD<br>BRANCH NAME: Civil Complex Center |
| CASE NAME:<br>ALFARO v. BANTER BY PIERCING PAGODA, et al. |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2021-01237686-CU-OE-CXC |
|---|---|---|
| [x] Unlimited    [ ] Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Randall J. Sherman<br>DEPT.: CX-105 |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Ten (10)
5. This case [x] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 21, 2021
Jeffrey D. Klein
_____                    ▶     _____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]        CIVIL CASE COVER SHEET        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition